UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHYLLIS DENISE FELDER,

       Plaintiff,

v.                                 Case No:  6:16-cv-601-Orl-DNF

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____

## OPINION AND ORDER

Plaintiff, Phyllis Denise Felder, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") finding that she was not entitled to benefits prior to November 1, 2015. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff protectively filed applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on April 20, 2009. (Tr. 137-45, 190). In both applications Plaintiff alleged a disability onset date of December 1, 2008. (Tr. 137-45, 190). Plaintiff's applications were denied initially on November 19, 2009, and upon reconsideration on June 25, 2010. (Tr. 67-74, 80-85). Plaintiff requested a hearing, and on July 6, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Teresa J. McGarry. (Tr. 33-62, 86). On September 23, 2011, ALJ McGarry found Plaintiff was not disabled and issued an unfavorable decision. (Tr. 14-30, 603-19). Plaintiff requested review of the hearing decision and, on July 25, 2013, the Appeals Council denied Plaintiff's request for review. (Tr. 2-7, 8).

Plaintiff appealed that decision to the United States District Court for the Middle District of Florida Orlando Division and on May 7, 2014, this Court reversed and remanded Plaintiff's case for further administrative proceedings. (Tr. 642-650).

While Plaintiff's appeal was pending, she filed a new application with the Social Security Administration for SSI benefits on September 20, 2013, alleging disability commencing on February 24, 2009. (Tr. 741-743). Plaintiff's application was denied initially on February 11,

2014, and upon reconsideration on June 13, 2014. (Tr. 674-676, 678-682). Plaintiff requested a hearing before an ALJ. (Tr. 683). While this request was pending, on July 7, 2014, the Appeals Council remanded the original application back to an ALJ for further proceedings. (Tr. 666-670). The Appeals Council ordered the ALJ to "consolidate the claim files, create a single electronic record, and issue a new decision on the consolidated claims." (Tr. 668).

A second hearing was held on December 10, 2015, before ALJ Yelanda Collins ("the ALJ"). (Tr. 570-602). On February 1, 2016, the ALJ issued a partially favorable decision finding that Plaintiff became disabled on November 1, 2015, but was not disabled prior to that date. (Tr. 545-569). Plaintiff waited sixty-one days for the ALJ's decision to become the final decision of the Commissioner and this appeal followed (Doc. 1). The case is now ripe for review pursuant to 42 U.S.C. § 405(g).

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 1, 2008. (Tr. 551). At step two, the ALJ found that Plaintiff had the following severe impairments: history of congestive heart failure, atrial fibrillation, diabetes mellitus II, obesity, asthma, and cervical degenerative disc disease. (Tr. 551). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 553).

Before proceeding to step four, the ALJ found that, since December 1, 2008, Plaintiff had the residual functional capacity ("RFC") to perform

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally bend, stoop, kneel, crouch and crawl. The claimant cannot climb ropes, ladders or scaffolds. She should have no exposure to hazards such as unprotected heights, moving mechanical parts and

operation of motor vehicles. The claimant should avoid concentrated
exposure to pulmonary irritants, humidity and wetness and hot/cold
extremes. She is limited to unskilled work.

(Tr. 553). At step four, the ALJ found that Plaintiff had no past relevant work. (Tr. 559).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform prior to November 1, 2015. (Tr. 559). Relying on the testimony of a vocational expert, the ALJ found that Plaintiff could work such occupations as food and beverage order clerk, addresser, and surveillance systems monitor. (Tr. 559-60).

The ALJ further found that, beginning on November 1, 2015, considering Plaintiff's age, work experience, and RFC, there are no jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 560). The ALJ explained that on November 1, 2015, Plaintiff's age category changed to "an individual closely approaching advanced age." (Tr. 559-60). As a result of the age category change, a direct application of Grid rule 201.09 directs a finding of "disabled." (Tr. 560). The ALJ concluded that Plaintiff was not disabled prior to November 1, 2015, but became disabled on that date and has continued to be disabled through the date of the decision, February 1, 2016. (Tr. 560-61).

## II. Analysis

Plaintiff raises two issues on appeal: (1) whether the ALJ properly evaluated Plaintiff's mental impairments and (2) whether the ALJ applied the correct legal standards to the opinions of Dr. Oatley.

### 1) Whether the ALJ properly evaluated Plaintiff's mental impairments.

Plaintiff argues that the ALJ erred by failing to perform a Psychiatric Review Technique Form ("PRTF") as required by Eleventh Circuit precedent and the federal regulation. (Doc. 22 p.

9-11). Plaintiff contends that while the ALJ did summarize the records pertaining to Plaintiff's mental health impairments, the ALJ failed to rate the degree of Plaintiff's functional limitations resulting from the impairments. (Doc. 22 p. 10).

Defendant argues that the ALJ properly evaluated Plaintiff's alleged mental impairments, fully discussing the medical evidence and opinions. (Doc. 22 p. 11). Defendant concedes that the ALJ should have followed the special technique and rated Plaintiff's mental impairments, but the ALJ nevertheless provided a thorough evaluation of Plaintiff's mental condition and complied with the spirt, if not the letter, of the regulations. (Doc. 22 p. 13). Defendant contends that remand would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial resources. (Doc. 22 p. 14).

In *Moore v. Barnhart*, the Eleventh Circuit held that "where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF and append it to the decision, or incorporate its mode of analysis into his findings and conclusions." *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th 2005). This technique requires separate evaluations on a four-point scale of how the individual's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." *Id.* (quoting 20 C.F.R. § 404.1520a(c)(3–4)). The ALJ is required to complete a PRTF and append it to the decision or incorporate the results of this technique into the findings and conclusions of his decision. *Id.* at 1214. Failure to do so requires remand. *Id.*

Federal regulations require an ALJ to use the "special technique" dictated by the PRTF for evaluating mental impairments. 20 CFR § 404.1520a. The special technique requires separate evaluations on a four or five point scale, depending on which functional area is being evaluated,

of how the Plaintiff's mental impairment impacts the following functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation." 20 CFR § 404.1520a. Subsequently, depending on whether the mental impairment is none, mild, moderate, marked, or extreme, or regarding episodes of decompensation, a one, two, three, four or more, the Plaintiff's condition is labeled as either severe or non-severe. 20 CFR § 404.1520a.

In this case, Plaintiff presented a colorable claim of mental impairment. Thus, pursuant to *Moore*, the ALJ was required to complete a PRTF or incorporate its mode of analysis into her findings. Despite reviewing the medical evidence as it pertains to Plaintiff's mental impairments, the ALJ failed to complete a PRTF, adopt its mode of analysis, or make any findings in any of the functional areas set out in 20 C.F.R. § 404.1520a. The ALJ's failure is reversible error.

Defendant contends that it would serve no purpose to remand this case given the ALJ's analysis of the medical record pertinent to Plaintiff's mental impairments. In *Moore*, the Eleventh Circuit found that the ALJ committed reversible error by failing to analyze or document Plaintiff's condition in two of the PRTF's functional areas, social functioning and prior episodes of decompensation. *Moore*, 405 F.3d at 1214. Here, the ALJ failed to analyze Plaintiff's condition in any of the PRTF's functional areas. Given the Eleventh Circuit's analysis in *Moore*, the Court cannot accept Defendant's argument that the ALJ's failure in this case is harmless.

Accordingly, on remand, the ALJ is directed to analyze Plaintiff's mental impairment in accordance with the PRTF mode of analysis.

**2)  Whether the ALJ applied the correct legal standards to the opinions of Dr. Oatley.**

Plaintiff argues that the ALJ erred by failing to weigh the opinions of Dr. Oatley, who performed two consultative mental evaluations of Plaintiff.  (Doc. 22 p. 15-17).  Plaintiff contends that the ALJ incorrectly found that Dr. Oatley had not provided any opinions. (Doc. 22 p. 16).

Defendant responds that while Dr. Oatley made observations, reported raw results of psychological testing, and noted various diagnosis, Dr. Oatley did not offer any clear opinion regarding what Plaintiff could still do, her restrictions, or her ability to work in general. (Doc. 22 p. 17).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011).  Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

In this case, the opinions Plaintiff contends that Dr. Oatley offered and the ALJ erred by failing to weigh are that: Plaintiff's fund of knowledge appeared limited (Tr. 475, 1056); her concentration was consistent with her intellectual functioning (Tr. 475, 1056); her immediate auditory memory was weak as she only correctly recalled three sequential numbers forward (Tr. 1056); her working memory was poor as she only correctly recalled three numbers backwards and could not intersperse numbers and letters forwards (1A, 2B, 3C . . .) correctly (Tr. 1056); she

correctly recalled three items immediately and one item five minutes later from a list of four items indicating poor new learning (Tr. 1057); her memory was consistent with lower intellectual functioning (Tr. 1057); and she appeared to need assistance managing her finances as she understood the value of money, but she could not correctly compute very simple mental purchases (Tr. 476, 1057).

The Court finds that the ALJ did not err in her treatment of Dr. Oatley's evaluations. While Plaintiff is correct that the ALJ did not specifically weigh the evaluations, the ALJ's decision shows that she discussed this evidence at length. These evaluations did not comment on Plaintiff's ability to work and the Court sees no error in the ALJ's treatment of them. *See, e.g., Valentin v. Acting Comm'r of Soc. Sec. Admin.*, 2017 WL 840918, at *5 (M.D. Fla. Mar. 3, 2017) (noting that treatment notes that do not identify specific physical and mental restrictions caused by impairments are not medical opinions that must be weighed); *Chester v. Comm'r of Soc. Sec.*, 2015 WL 9592444, at *4 (M.D. Fla. Dec. 11, 2015) (explaining that treatment notes that do not comment on a claimant's ability to work are not "medical opinions" that an ALJ errs by failing to weigh).

### III.    Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on June 27, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties